Ruffin, C. J.
 

 On the third day of February, 1805, Simon Foscue the elder executed a deed, whereby he conveyed to his daughter Boreas Foscue, then an iufant and lunatic, and residing with him, four slaves and other personal chattels at his death, making a reservation therein of -an es-
 
 *322
 
 u fate for his life in the slaves. After the execution of the in-_ strument, the daughter continued to be a lunatic and to reside with her father, who also retained possession of the slaves, until his death, which happened in the latter part of the year 1814. Shortly before his death, the father executed his will and therein bequeathed to his daughter Elizabeth, the present plaintiff, a negro boy by the name of Norris, who was a child of one of the female slaves conveyed or intended to be conveyed in the before mentioned deed, and born after the execution of that instrument; and the testator appointed his son, Simon Foscue the younger, the executor of his will, who proved it and took into possession the said slave Norris. Yery soon afterwards, Dorcas Foscue was found to be lunatic, and the said Simon the younger was appointed her guardian, and so continued to. be up to the time of his death, which happened in the latter part of 1830, and after he had made a will, of which be appointed the defendant, John E. Foscue, the executor, who duly proved the same, and also took into his possession the said slave Norris. One Hardy Bryan was then appointed the guardian of the lunatic, Dorcas, and, on the 1st of January, 1831, he received the said negro from John E. Foscue, as a part of the property of the lunatic ; and he hired him, with other slaves of the lunatic, from year to year, until his death in 1838.— Upon that event, the defendant Nathan Foscue was appointed the guardian, and so continues to be.
 

 The bill was filed in March, 1835, against John E. Fos-cue, as the executor of Simon Foscue, the younger, and Simon Foscue, the elder, and against Dorcas Foscue, and Hardy Bryan, as the guardian of the said Dorcas, and praying that the plaintiff may be declared to be entitled to the slave specifically bequeathed'to her, and that the executor may be compelled fully to assent to the said legacy, and he and the other parties decreed to deliver the slave to the plaintiff, and account respectively for the hires and': profits received by the said Simon, the younger, and the other persons respectively, and now in their hands.. The bill states, that Simon, the younger, did, at one time,, agree tt> deliver the negro to the
 
 *323
 
 plaintiff, but afterwards refused to do so ; and that thereupon the plaintiff brought an action of detinue for the slave against him on the 4th of May, 1826, which was pending at the time of his death, and was revived against John E. Foscue as his executor, and in which the plaintiff' was compelled to submit to a nonsuit, for the reason, that the defendant denied on the trial that the executor, Simon Foscue the younger, had assented to the the legacy to the plaintiff, and she was unable distinctly to prove it. This statement of the bill is supported by the record of the suit at law, and indeed is admittted in the answers, except that they still deny that the legacy to the plaintiff ever was assented to, and aver that the said Simon, the younger, did not hold the slave as a part of the estate of his testator, Simon the elder, but as belonging to the said Dorcas by virtue of the said deed.
 

 The defendant John E. Foscue also answers, that Simon the younger applied all the profits of the slave during his lifetime to the use of his ward Dorcas, or that, after his death, this defendant accounted for them to Bryan, the succeeding guardian. Bryan’s death occurred before an answer was put in by him for the lunatic; but the present guardian, Nathan Foscue, became a party in his stead, and answers, that the profits, during the life of Simon the younger, were not accounted for by him nor by his executor to any person: and both of the defendants insist, that the possession of the slave Norris by the different guardians of the lunatic was adverse to the plaintiff, and, having been so long continued, is a bar to her relief, even if the deed from Simon the elder was not sufficient to pass the title to the negroes therein mentioned. And, as to that instrument, it is contended for the plaintiff and set forth in the bill, that it is inoperative, because it was never delivered, and because the interest thereby conveyed to the said Dorcas, was
 
 in futuro
 
 after a life estate reserved to the donor.
 

 By co nsent it was referred to the Master, without' prejudice to the hearing, to take an account of the hires and profits of the negro, and to report in whose hands they were, or how and by whom they have been disposed of; and that officer has reported, that Simon Foscue, the younger, received
 
 *324
 
 profits to the amount of $140, and that he did not lay out any part thereof to his ward’s use, but had the same in his possession at his death, and that the defendant, John E. Fos-cue’ ^ not account therefor to Hardy Bryan, or to the present guardian but that the estate o-f the said Simon, the younger, is indebted on that score the sum of $248 80, including interest up to September, 1840. And he further reported. that the sum of $580 10 was received for hire by Hardy Bryan, and, together with the interest thereon, amounting-in the whole to $725 23, was paid over by the administrator of the said Bryan, to the defendant and present guardian, Nathan Foscue, who hath also, including interest lip to September, 1840, received the further sum of $263 53, for hires in his time. The Master submits the question whether these sums should bear interest or not. The cause, having been transferred to this court, was brought on for hearing, and also on the report.
 

 Upon the question of the title of Doreus Foscue, derived under the deed of February, 1805, the court cannot hesitate in declaring an opinion in favor of the plaintiff. It stands precisely on the principle, on which was decided the case of
 
 Foscue
 
 v Foscue, 3 Hawks. 538, which arose on a similar deed made by the same person to two others of his children. In that the court held, as had been before done in the case of
 
 Graham v Graham,
 
 2 Hawks, 322, that a limitation of slaves, after a life estate reserved to the maker of the deed, was, before the act of 1823, void. The title of the slave was therefore in the testator, Simon the elder, and the bequest in his will to the plaintiff was good, and vested in her the right to the slave as a specific legacy.
 

 Such being the state of the title,-the court is very clearly of opinion, that nothing which has occurred since, ought to defeat the plaintiff’s right. According to the statements of the answer, Simon Foscue, the executor, never assented to the legacy to the plaintiff. Indeed, it is said he held adversely to her, as the guardian of
 
 Dore as
 
 ; and upon that supposition the defendant insists on the statute of limitations. In truth the possession could not, properly speaking, be adverse to the plaintiff, because she had not the legal title, but it was
 
 *325
 
 in Simon Foscue, the younger, as executor of his father, in trust for the plaintiff". The possession of the trustee can never he deemed adverse to the
 
 cestui que
 
 trust, unless con-tinned so long as to be evidence, or to create a presumption, of satisfaction or abandonment. Where the same person, thus having the possession, is a trustee for two different persons, claiming, upon opposing rights, it follows, that neither can take advantage of the possession, merely as such, to bar the other, but the right of each, while the possession thus remains in the same trustee, must always depend upon the title. There is every reason to believe, that this trustee so intended to act, since he accounted for the profits to neither of the claimants, but held them subject, to a decision upon the question of title between his two sisters — a decision not made in his life-time. Such being the state of the case at that time, the defendant, John E. Foscue, the executor of both testators, took possession of the negro ; and as he was not the guardian of the lunatic, his possession can only be referred to his office of executor, and he ought to have delivered the slave to the plaintiff, or, at least have kept him for her, and defended her right, which was in fact the superior right.
 
 Yarborough v Harris,
 
 3 Dev. 40. Instead of doing so, he, without consideration and with the view, as must be inferred from the answer, of defeating the plaintiff’s right, delivered the slave to the guardian of the other claimant. But the possession, thus acquired from the trustee, without consideration and in dereliction of his duty, and in fraud of the known claim of the legatee, cannot be set up to defeat the legatee; but the executor and the fraudulent alien-ee of the executor, are alike liable for the things or effects thus misapplied. The plaintiff is therefore entitled to a decree for the slave, and for the hires against the parties respectively, in whose hands they are, according to the report to which neither party has excepted. Upon the question of interest, which the Master refers to the court, we are of opinion that it is properly charged. Mr. Bryan actually accounted for that accrued in his time, and it was paid over to the present guardian ; and no doubt the latter has, according to his office, kept that part of the estate, as well as the hires since he
 
 *326
 
 became guardian, at interest. The decree should therefore that the sum of $98S 76, with interest on $838 10, from September, 1840, be paid by the defendant, Nathan Foscue, w^° “ay charge the same against the estate of the said lunatic in his hands as her guardian, and there must be a further enquiry as to the profits of the slave since September, 1840, up to the time at which he may be delivered to the plaintiff. There cannot at present'be a decree for the payment of the sum found to be due from the estate of Simon Foscue, the younger, namely, $248 80, with interest on $140, from September, 1840, because it does not appear, that there are assets of his estate to answer the same, for they are not admitted nor found by the Master. But unless the defendant, John E. Foscuej shall admit assets to answer
 
 that
 
 sum and the costs of this suit, the enquiry must also extend to that point.
 

 Per Curiam. Decreed and ordered accordingly.